IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal No. 23-138 |
| | ) |
| LAVEN DAVIS | ) |

**Memorandum Opinion and Orders on Pretrial Discovery Motions**

Presently before the Court are Defendant Laven Davis's Motion for Discovery (ECF No. 32), Motion to Produce Notice of Evidence that the Government Intends to Use Under Federal Rules of Evidence 404(b) and 609 (ECF No. 33), and Motion to Preserve Law Enforcement's Rough Notes (ECF No. 35). The government has filed an Omnibus Response to the Motions, to which Mr. Davis has filed a Reply. ECF Nos. 38. & 39.

**I.     Motion for Discovery (ECF No. 32)**

Mr. Davis seeks production of exculpatory and/or impeachment information, favorable to Mr. Davis, pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150, 154 (1972), *Napue v, Illinois*, 360 U.S. 264 (1959), and *United States v. Perdomo*, 929 F.2d 967 (3d Cir. 1991). In addition, Mr. Davis seeks disclosure of a variety of Federal Rule of Criminal Procedure 16 material.

**A.     *Brady/Giglio***

"In *Brady,* the Supreme Court held that due process required that [upon request] the government produce all "exculpatory" evidence, which includes both '[m]aterials ... that go to the heart of the defendant's guilt or innocence and materials that might affect the jury's judgment of the credibility of a crucial prosecution witness.'" *United States v. Ramos*, 27 F.3d 65, 68 (3d Cir. 1994) (quoting *United States v. Hill,* 976 F.2d 132, 134-35 (3d Cir.1992)). Once a

defendant makes a request for such materials, the government is obligated to disclose such exculpatory evidence, "in time for its effective use at trial." *United States v. Higgs*, 713 F.2d 39, 44 (3d Cir. 1983) ("No denial of due process occurs if *Brady* material is disclosed to [defendants] in time for its effective use at trial").

The Supreme Court in *Giglo* extended its ruling in *Brady* to encompass impeachment evidence relating to the credibility of a government witness. *Giglio*, 405 U.S. at 154. Any inducements or rewards given to government witnesses, including but not limited to money, grants of immunity, plea bargains, promises of leniency or recommendations thereof, or preferential treatment, would fall under impeachment evidence that must be disclosed under *Brady. See Higgs*, 713 F.2d at 43 ("Evidence that government witnesses have been granted immunity and/or leniency for their cooperation is clearly relevant on the issue of their credibility").

In general, Mr. Davis seeks disclosure of any information that is favorable to the defense and material to either guilt or punishment. He also seeks disclosure of evidence that tends to detract from the credibility of a witness's testimony, or the probative value of evidence intended to be used by the government. He also seeks disclosure of evidence that tends to show bias or prejudice against Mr. Davis by any witness. Mr. Davis seeks disclosure of evidence of "misconduct," or evidence related to "misconduct," by any witness (specifically referring to narcotic use), treatment records, evidence bearing upon competency, and disclosure of the relationship of any witness to any other witness.

Specifically, Mr. Davis seeks disclosure of deals the government had made with any witness, including evidence of cooperation or agreements, all promises and representations, monetary or non-monetary assistance, promises of immunity, leniency, or preferential treatment.

2

With regard to impeachment materials, Mr. Davis seeks disclosure of all prior statements made by any government witness or potential government witness, that is contrary to or tends to cast doubt on, the accuracy of the expected testimony. Mr. Davis's request for impeachment material also encompasses law enforcement's notes with witnesses, information that a witness has previously acted as an informant or cooperator in any law enforcement investigation or prosecution, information that a witness is unreliable, and disclosure of all criminal records of any prospective government witnesses.

### B. Rule 16 Materials

"Rule 16 of the Federal Rules of Criminal Procedure delineates the categories of information to which defendants are entitled in pretrial discovery in criminal cases, with some additional material being discoverable in accordance with statutory pronouncements and the due process clause of the Constitution." *United States v. Ramos*, 27 F.3d 65, 68 (3d Cir. 1994). Federal Rule of Criminal Procedure 16(a)(1) requires the government, when requested by defendant, to disclose, within proscribed limits, the defendant's oral, written, or recorded statement (Rule 16(a)(1)(A) & (B)) and the defendant's prior record (Rule 16(a)(1)(D)). In addition, pursuant to Rule 16(a)(1)(E) ("Documents and Objects"), upon the defendant's request, "the government must permit a defendant to inspect and to copy or photograph" said documents and objects as set forth in the Rule. Fed. R. Crim. P. 16(a)(1)(E). Similarly, when requested by defendant, the government must also permit the inspection, copying, or photographing of results or reports of any physical or mental examinations and scientific tests or experiments. Fed. R. Crim. P. 16(a)(1)(F). Finally, when requested, "the government must give to the defendant a written summary of any [expert] testimony that the government intends to use, . . . during its case-in-chief at trial," and the written summary "must describe the witness's opinions, the bases

and reasons for those opinions, and the witness's qualifications." Fed. R. Crim. P. 16(a)(1)(G). In addition, the government remains under a continuing duty to disclose any additional evidence it discovers. Fed. R. Crim. P. 16(c). "Information Not Subject to Disclosure," is described in Rule 16(a)(2), as follows:

> Except as permitted by Rule 16(a)(1)(A)-(D), (F), and (G), this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case.

Fed. R. Crim. P. 16(a)(2).[1]

Mr. Davis seeks disclosure of all Federal Rule of Criminal Procedure 16(a)(1) material, including defendant's statements, physical and documentary evidence, reports of examinations and tests, and expert witnesses. Mr. Davis also specifically seeks production of variety of materials related to the toxicology lab in this case. Def, Mot. Discovery 1-2. Similarly, Mr. Davis seeks production of a variety of materials related to the Coroner, the Toxicologist, and a government expert, Dr. Vey. *Id.* at 2-3. Finally, he requests disclosure of relevant materials under Rule 16(a)(1)(G) for any person the government intends to call as an expert witness.

### C. Discussion

There is no indication that the government has not met its obligations under *Brady/Giglio* or under Rule 16. In its Response, the government acknowledges its continuing obligation to provide Mr. Davis with any exculpatory or impeachment material not already provided, and its obligation to provide Mr. Davis with any Rule 16 material it acquires. The Court's Pretrial Scheduling Order will set a date certain for the government to provide defense counsel with copies of any *Brady/Giglio* impeachment materials not previously disclosed. With respect to

---

[1] Rule 16(a)(2) also prohibits "the discovery or inspection of statements made by prospective government witnesses except as provided in [the Jencks Act] 18 U.S.C. § 3500." Fed. R. Crim. P. 16(a)(2).

specific Rule 16 material, if the government does not turn over certain requested material under Rule 16, Mr. Davis may seek to compel the government to provide such material, if one of Rule 16's bases for production of the material is established. For example, although the government may choose to not use certain evidence in its case-in-chief, a defendant may consider such evidence material to the preparation of his defense. Here, though, Mr. Davis does not identify any request for specific material that the government has declined to produce under Rule 16. Because the government appears to be complying with its discovery obligations, the Motion for Discovery of *Brady/Giglio* Materials and Rule 16 Materials is DENIED without prejudice.

> II.    **Motion to Produce Evidence that the Government Intends to Use Under Federal Rules of Evidence 404(B) and 609 (ECF No. 34)**

Mr. Davis seeks to compel the government to provide him with a statement, containing the nature, dates, and places of occurrences of any criminal offenses or acts of misconduct that the government will attempt to prove at trial. In addition, he requests that the government provide written notice of all alleged prior bad acts and criminal convictions the government intends to introduce in its case-in-chief, or that the government intends to use such evidence to impeach Mr. Davis, or that the government intends to use such evidence as rebuttal evidence. Mr. Davis requests that the government disclose such materials, "forthwith, as far as possible in advance of trial." Gov. Mot.re 404(b) and 609, at 8. In his Reply Brief he specifically requests disclosure of the requested materials fourteen days prior to trial. Def. Reply 1.

Rule 609 is titled, "Impeachment by Evidence of a Criminal Conviction," and concerns "attacking a witness's character for truthfulness by evidence of a criminal conviction." Fed. R. Evid. 609. Federal Rule of Evidence 404(b) is titled, "Other Crimes, Wrongs, or Acts," and specifies when such evidence is prohibited, when it is permitted, and directs the prosecution's obligations to notify the defense that it intends to introduce such evidence. As to "Prohibited

5

Uses," Rule 404(b)(1) provides that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). With respect to "Permitted Uses," Rule 404(b)(2) provides that evidence of prior bad acts "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Finally, Rule 404(b)(3)'s notice requirements provide as follows:

> **(3) Notice in a Criminal Case**.  In a criminal case the prosecutor must:
>
> **(A)** provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it;
>
> **(B)** articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose; and
>
> **(C)** do so in writing before trial – or in any form during trial if the court, for good cause, excuses lack of pretrial notice.

Fed. R. Evid. 404(b)(3). The United States Court of Appeals for the Third Circuit requires that Rule 404(b) evidence may only be introduced at trial if the government "can demonstrate its admissibility." *United States v. Repak*, 852 F.3d 230, 241 (3d Cir. 2017). Admissibility of "evidence of uncharged crimes or wrongs must (1) have a proper evidentiary purpose; (2) be relevant (3) satisfy Rule 403; and (4) be accompanied by a limiting instruction (where requested) about the purpose for which the jury may consider it." *United States v. Green*, 617 F.3d 233, 240 (3d Cir. 2010).

What constitutes "reasonable notice" of such material, depends upon "the circumstances and complexity of the prosecution." *United States v. Johnson*, 218 F. Supp. 3d 454, 462 (W.D. Pa. 2016). In general, courts have found that, "reasonable notice" under Rule 404(b) is in the

range of seven to ten days or one to two weeks prior to trial. *United States v. Long-Parham*, 183 F. Supp. 3d 746, 750 (W.D. Pa. 2016); *United States v. Buckner*, 2020 U.S. Dist. LEXIS 5485, at *14–15 (M.D. Pa. Jan. 13, 2020). There is also precedent for ordering disclosure of such evidence thirty days in advance of trial, when the circumstances and complexity of the case require such earlier disclosure. *United States v. Coles*, 511 F. Supp. 3d 566, 593 (M.D. Pa. 2021)[2]. Thus, determination of when disclosure should occur, will depend upon "the circumstances and complexity of the prosecution." *Johnson*, 218 F. Supp. 3d at 462).

Here, the government only addresses the timing of disclosures and does not address whether it has identified any prior bad acts it might want to present at trial. The government appears to suggest a disclosure date seven to ten days prior to trial. At this time, the circumstances and complexity of this matter appear to be such that disclosure two weeks prior to trial is sufficient for the defense to make effective use of the material and to request a pretrial evidentiary hearing. As to timing of an evidentiary hearing, the government appears to oppose a pretrial hearing, citing the need for trial context and possible shifting strategies. Gov. Resp. 3 (ECF No. 38). Thus, the government requests that any such hearing be postponed until trial. In relation to the timing of an evidentiary hearing, until such time as the Rule 404(b) and Rule 609 evidence is identified, it is premature to determine the appropriate time, at which to conduct the hearing.

Accordingly, Mr. Davis's Motion to Produce Evidence that the Government Intends to Use Under Federal Rules of Evidence 404(b) and 609 (ECF No. 33) is GRANTED to the extent

---

[2] In *Coles*, the District Court concluded: "Given the circumstances and complexity of this prosecution, and the anticipated volume of motions in limine, we will adopt [defendant's] proposal and order the government to notify all defendants whether it intends to offer evidence under Rule 404(b) or Rule 609(b) at least 30 days before trial. *United States v. Coles*, 511 F. Supp. 3d 566, 593 (M.D. Pa. 2021).

that the government must disclose such material fourteen days prior to trial, otherwise the Motion is DENIED.

### III.     Motion to Preserve Law Enforcement's Rough Notes (ECF No. 35)

Mr. Davis requests that the Court order all involved federal, state, and local law enforcement, who participated in the investigation, arrest, and questioning of Mr. Davis, to retain and preserve all rough notes and writings, which are arguably producible to the defense under applicable law.  The government states that it has advised its agents to retain the materials identified by the defense and will turn such evidence over to the the defense at the appropriate time.

Aware that the government states that it has already ordered its agents to retain rough notes, the Court agrees with the defense, that entering an order as requested, imposes no burden upon the government.  Accordingly, pursuant to *United States v. Ramos*, 27 F.3d 65, 68 (3d Cir. 1994), *United States v. Ammar*, 714 F.2d 238 (3d Cir. 1983), and *United States v. Vella*, 562 F.2d 275 (1977), the defense Motion is GRANTED.

The government is ORDERED to direct all involved federal, state, and local law enforcement, who participated in the investigation, arrest, and questioning of Mr. Davis, to retain and preserve all rough notes and writings, which are arguably producible to the defense under applicable law.

Dated: February 21, 2025

_____
Marilyn J. Horan
United States District Court Judge